UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT ANDREWS,

    Petitioner,                                    Case Number 2:08-CV-11280
                                                    HONORABLE STEPHEN J. MURPHY, III
v.                                                  UNITED STATES DISTRICT JUDGE

LLOYD RAPELJE,

    Respondent,
_____/

**OPINION AND ORDER HOLDING IN ABEYANCE THE PETITION FOR WRIT OF HABEAS CORPUS AND ADMINISTRATIVELY CLOSING THE CASE.**

Robert Andrews, ("Petitioner"), presently confined at the Saginaw Correctional Facility in Freeland, Michigan, has filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, in which he challenges his conviction for delivery of between 50 and 449 grams of cocaine, possession with intent to deliver marijuana, and delivery of less than 50 grams of cocaine. Petitioner has now filed a motion to hold the petition in abeyance to permit him to complete post-conviction proceedings in the state courts, where he is attempting to raise additional claims that are not included in the current petition. For the reasons stated below, the Court will hold the petition in abeyance and will stay the proceedings under the terms outlined below in the opinion to permit petitioner to complete his post-conviction proceedings in the state courts to exhaust his additional claims, failing which the petition shall be dismissed without prejudice. The Court will also administratively close the case.

## I. Background

Petitioner pleaded guilty to the above offenses in the Oakland County Circuit Court and was sentenced to various prison terms on October 17, 2006. Petitioner's conviction was affirmed on appeal. *People v. Andrews,* No. 279938 (Mich.Ct.App. September 18, 2007); *lv. den.* 480 Mich. 1033, 743 N.W.2d 219 (2008).

On March 20, 2008, petitioner filed an application for habeas relief with this Court, in which he seeks relief on the three claims that he raised in his direct appeal with the Michigan courts. [1] On July 7, 2008, petitioner filed a letter request to hold his habeas petition in abeyance, so that he could return to the Oakland County Circuit Court to present new claims in a post-conviction motion for relief from judgment. On September 11, 2008, petitioner filed with this Court a copy of the post-conviction motion that he filed with the Oakland County Circuit Court on or about September 9, 2008.

## II. Discussion

A federal district court has the authority to abate or dismiss a federal habeas action pending resolution of state post-conviction proceedings. *See Brewer v. Johnson,* 139 F. 3d 491, 493 (5th Cir. 1998). "Federal district courts are authorized to stay fully exhausted federal habeas petitions pending the exhaustion of other claims." *See Moritz v. Lafler,* No. 2008 WL 783751 (E.D. Mich. March 19, 2008)(citing *Anthony v. Cambra*, 236 F. 3d 568, 575 (9th Cir. 2000); *Tran v. Bell,* 145 F. Supp. 2d 939, 941-42 (W.D. Tenn. 2001); *Hill v. Mitchell,* 30 F. Supp. 2d 997, 1000 (S.D. Ohio 1998)).

---

[1] Under the prison mailbox rule, this Court will assume that petitioner actually filed his habeas petition on March 20, 2008, the date that it was signed and dated. *See See Fugate v. Booker,* 321 F. Supp. 2d 857, 859, n. 2 (E.D. Mich. 2004).

2

The Court will grant petitioner's motion to hold the petition in abeyance while he returns to the state courts to exhaust additional claims. In this case, the outright dismissal of the petition, albeit without prejudice, might result in preclusion of consideration of the petitioner's claims in this Court due to the expiration of the one year statute of limitations contained in the Antiterrorism and Effective Death Penalty Act (AEDPA). *See* 28 U.S.C. § 2244(d)(1). A common circumstance calling for abating a habeas petition arises when the original petition was timely filed, as was the case here, but a second, exhausted habeas petition would be time barred by the AEDPA's statute of limitations. *See Hargrove v. Brigano,* 300 F. 3d 717, 720-21 (6th Cir. 2002). The U.S. Supreme Court, in fact, has suggested that a habeas petitioner who is concerned about the possible effects of his state post-conviction filings on the AEDPA's statute of limitations could file a "protective" petition in federal court, as petitioner has apparently done here, and then ask for the petition to be held in abeyance pending the exhaustion of state post-conviction remedies. *See Pace v. DiGuglielmo,* 544 U.S. 408, 416 (2005)(citing *Rhines v. Weber,* 544 U.S. 269 (2005)). A federal court may stay a federal habeas petition and hold further proceedings in abeyance pending resolution of state court post-conviction proceedings, provided there is good cause for failure to exhaust claims and that the unexhausted claims are not "plainly meritless." *Rhines,* 544 U.S. at 278.

In his motion for relief from judgment, petitioner states that the new claims that he wishes to exhaust in the state courts were not presented as federal constitutional claims in the state courts because his appellate attorney was ineffective. On remand from the United States Supreme Court, the federal district court in *Rhines* held that the

ineffective assistance of post-conviction counsel constituted "good cause" for a habeas petitioner's failure to exhaust the claims in the state court proceedings, so as to justify holding the petition in abeyance while the petitioner returned to the state courts to exhaust the claims. *Rhines v. Weber*, 408 F. Supp. 844, 848-49 (D.S.D. 2005). A number of judges in this district have previously found that an appellate attorney's alleged ineffectiveness constituted "good cause" to justify holding a habeas petition in abeyance pending the petitioner's return to the state courts. *See Taylor v. Prelesnik,* No. 2008 WL 3853300, * 3 (E.D. Mich. August 18, 2008)(Duggan, J.)*; Wright v. Trombley*, No. 2007 WL 4181316, *2-3 (E.D.Mich. November 27, 2007)(Edmunds,J.); *Lanton v. Lafler,* No. 2007 WL 2780552, * 2 (E.D. Mich. September 24, 2007)(Steeh, J.); *Hayes v. Prelesnik,* No. 2007 WL 1834749, * 1 (E.D. Mich. June 25, 2007)(Ludington, J.); *Szymanski v. Renico*, No. 2007 WL 1760878, * 2 (E.D. Mich. June 15, 2007)(Lawson, J.); *Chambers v. White,* 2006 WL 276738, * 3 (E.D. Mich. February 2, 2006)(Cohn, J.)*; Boyd v. Jones,* 2005 WL 2656639, * 4 (E.D. Mich. October 14, 2005)(Roberts, J.). In addition, petitioner's claims do not appear plainly meritless. Finally, it does not appear that petitioner has engaged in "intentionally dilatory tactics." *Rhines*, 544 U.S. at 278.

However, even where a district court determines that a stay is appropriate pending exhaustion of state court remedies, the district court "should place reasonable time limits on a petitioner's trip to state court and back." *Rhines*, 544 U.S. at 278. Therefore, to ensure that there are no delays by petitioner in exhausting his state court remedies, this Court will impose upon petitioner time limits within which he must proceed with his state court post-conviction proceedings. *See Palmer v. Carlton*, 276 F.

4

3d 777, 781 (6th Cir. 2002).

Therefore, in order to avoid petitioner being time-barred from seeking habeas relief following his return to the state courts, the Court will hold the present petition in abeyance. This tolling, however, is conditioned upon petitioner initiating his state post-conviction remedies, which he has apparently already done, and more importantly, returning to federal court within sixty days of completing the exhaustion of his state court post-conviction remedies. *Hargrove,* 300 F. 3d at 718; *Geeter v. Bouchard,* 293 F. Supp. 2d 773, 775 (E.D. Mich. 2003).

Petitioner's method of properly exhausting these claims in the state courts would be through filing a motion for relief from judgment with the Oakland County Circuit Court under M.C.R. 6.502, which he has apparently already done. A trial court is authorized to appoint counsel for petitioner, seek a response from the prosecutor, expand the record, permit oral argument, and hold an evidentiary hearing. M.C.R. 6.505-6.507, 6.508 (B) and (C). Denial of a motion for relief from judgment is reviewable by the Michigan Court of Appeals and the Michigan Supreme Court upon the filing of an application for leave to appeal. M.C.R. 6.509; M.C.R. 7.203; M.C.R. 7.302. *Nasr v. Stegall,* 978 F. Supp. 714, 717 (E.D. Mich. 1997). Petitioner, in fact, is required to appeal the denial of his post-conviction motion to the Michigan Court of Appeals and the Michigan Supreme Court in order to properly exhaust the claims that he has raised in his post-conviction motion. *See e.g. Mohn v. Bock,* 208 F. Supp. 2d 796, 800 (E.D. Mich. 2002).

### III.  ORDER

Accordingly, it is **ORDERED** that the petition for writ of habeas corpus shall be

held in abeyance pending the completion of petitioner's state application for post-conviction review. This tolling is conditioned upon Petitioner re-filing his habeas petition within **sixty (60) days** after the conclusion of the state court post-conviction proceedings. Petitioner is free at that time to file an amended habeas petition which contains any newly exhausted claims.

To avoid administrative difficulties, the Court **ORDERS** the Clerk of Court to **CLOSE** this case for statistical purposes only. Nothing in this order or in the related docket entry shall be considered a dismissal or disposition of this matter. *See Sitto v. Bock,* 207 F. Supp. 2d 668, 677 (E.D. Mich. 2002).

It is further **ORDERED** that upon receipt of a motion to reinstate the habeas petition following exhaustion of state remedies, the Court may order the Clerk to reopen this case for statistical purposes.

                               s/Stephen J. Murphy, III
                               STEPHEN J. MURPHY, III
                               United States District Judge

Dated: December 5, 2008

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on December 5, 2008, by electronic and/or ordinary mail.

                               s/Alissa Greer
                               Case Manager