UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT ANDREWS,

        Petitioner,

                                CASE NO. 2:08-CV-11280

v.                          JUDGE STEPHEN J. MURPHY, III

                                MAGISTRATE JUDGE PAUL J. KOMIVES

LLOYD RAPELJE,

        Respondent.

_____/

# REPORT AND RECOMMENDATION

*Table of Contents*

I.    RECOMMENDATION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1
II.   REPORT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1
    A.    *Procedural History* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1
    B.    *Factual Background Underlying Petitioner's Conviction* . . . . . . . . . . . . . . . . . . . . . . . . . 4
    C.    *Procedural Default* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5
        1.    *Default* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5
        2.    *Cause and Prejudice* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7
        3.    *Fundamental Miscarriage of Justice* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13
        4.    *Conclusion Regarding Procedural Default* . . . . . . . . . . . . . . . . . . . . . . . . . . 14
    D.    *Standard of Review* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14
    E.    *Petitioner's Non-Defaulted Sentencing Claims (Claims IV and V)* . . . . . . . . . . . . . . . . . . 16
        1.    *Allocution (Claim IV)* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16
        2.    *Inaccurate Information (Claim V)* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17
    F.    *Recommendation Regarding Certificate of Appealability* . . . . . . . . . . . . . . . . . . . . . . . . 21
        1.    *Legal Standard* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 21
        2.    *Analysis* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 23
    G.    *Conclusion* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 23
III.  NOTICE TO PARTIES REGARDING OBJECTIONS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 24

\*       \*       \*       \*       \*

I.    RECOMMENDATION: The Court should deny petitioner's application for the writ of habeas corpus and should deny petitioner a certificate of appealability.

II.   REPORT:

A.    *Procedural History*

       1.    Petitioner Robert Andrews is a state prisoner, currently confined at the Saginaw

Correctional Facility in Freeland, Michigan.

2.      On September 19, 2006, petitioner was convicted of two counts of delivery of between 50 and 449 grams of cocaine, MICH. COMP. LAWS § 333.7401(2)(a)(iii); one count of possession with intent to deliver marijuana, MICH. COMP. LAWS § 333.7401(2)(d)(iii); and one count of delivery of less than 50 grams of cocaine, MICH. COMP. LAWS § 333.7401(2)(a)(iv), pursuant to his guilty plea in the Oakland County Circuit Court.  On October 17, 2006, he was sentenced to concurrent terms of 10-20 years' imprisonment on the delivery convictions involving 50-449 grams, 2-15 years' on the marijuana conviction, and 5-20 years' imprisonment on the delivery of under 50 grams conviction.  Petitioner's subsequent motions for resentencing and to withdraw the plea were denied by the trial court.

3.      Petitioner filed an application for leave to appeal in the Michigan Court of Appeals raising, through counsel, the following claims:

I.      DEFENDANT IS ENTITLED TO RESENTENCING WHERE THE TRIAL COURT REFUSED TO CONSIDER COOPERATION WITH THE POLICE BEFORE PRONOUNCING SENTENCING.

II.     THE JUDGE AT SENTENCE INTERFERED AND DEPRIVED DEFENDANT THE OPPORTUNITY FOR ALLOCUTION.

III.    DEFENDANT IS ENTITLED TO BE RESENTENCED WHERE THE SENTENCE WAS BASED ON INACCURATE INFORMATION.

The court of appeals denied petitioner's application for leave to appeal in a standard order, "for lack of merit in the grounds presented." *People v. Andrews*, No. 279938 (Mich. Ct. App. Sept. 18, 2007).

4.      Petitioner sought leave to appeal these issues to the Michigan Supreme Court.  The Supreme Court denied petitioner's application for leave to appeal in a standard order.  *See People v. Andrews*, 480 Mich. 1033, 743 N.W.2d 219 (2008).

5.      Petitioner, proceeding *pro se*, filed this application for the writ of habeas corpus on March 25, 2008.  As grounds for the writ, he raised the three claims raised in the state courts. Petitioner subsequently filed a motion to hold the case in abeyance to permit him to complete state post-conviction proceedings in which he raised additional claims.  The Court granted the motion and stayed the case on December 5, 2008.

6.      Meanwhile, on September 11, 2008, petitioner filed a motion for relief from judgment in the trial court pursuant to MICH. CT. R. 6.500-.508, raising the following claims: (1) breach of the plea agreement; (2) ineffective assistance of counsel for failing to call two witnesses who would have testified that petitioner was entrapped; (3) entrapment; and (4) ineffective assistance of appellate counsel for failing to raise these claims on direct appeal.  The trial court denied the motion on December 4, 2008, concluding that the claims were without merit and that petitioner did not have good cause for his failure to raise them on direct appeal as required by MICH. CT. R. 6.508(D)(3). Petitioner filed applications for leave to appeal in the Michigan Court of Appeals and Michigan Supreme Court raising the following claims:

I.      A BREACH OF PROMISE OCCURRED WHEN APPELLANT'S STATE PROSECUTOR ADDUCED [sic] A PLEA BARGAIN FROM HIM WITH PROMISES OF A LIGHTER SENTENCE OR CHARGES, AND SUCH PROMISE MUST BE ENFORCED.

II.     TRIAL COUNSEL WAS INEFFECTIVE FOR FAILING TO CALL TWO PROMISING WITNESSES WHICH COULD HAVE SHOWN THAT APPELLANT WAS FORCED TO PARTICIPATE TO SELL DRUGS TO LAW ENFORCEMENT AGENTS THEREBY DENYING TO APPELLANT HIS SIXTH AMENDMENT RIGHT TO PRESENT A DEFENSE.

The Michigan Court of Appeals and Michigan Supreme Court denied petitioner's applications for leave to appeal in standard orders, based on petitioner's "failure to meet the burden of establishing

3

entitlement to relief under MCR 6.508(D)." *People v. Andrews*, 485 Mich. 1100, 778 N.W.2d 237 (2010); *People v. Andrews*, No. 291115 (Mich. Ct. App. July 7, 2009).

      7.    Petitioner, through counsel, filed a motion to reopen the case and an amended petition on April 12, 2010.  As grounds for the writ of habeas corpus, petitioner's amended application raises the following claims:

    I.    Denial of due process where prosecutor breached a plea agreement and the trial court refused to enforce the agreement or allow Petitioner to withdraw his plea.

    II.    Due process precludes prosecution for offenses manufactured and created by the government.

    III.    Petitioner was denied effective assistance of counsel.

    IV.    Interference with right to allocution denied due process.

    V.    Prejudicial and incorrect pre-sentence report information denied Petitioner due process.

      8.    Respondent filed his supplemental answer on January 7, 2011.  He contends that petitioner's first three claims are barred by petitioner's procedural default in the state courts, and that all of his claims are without merit.

B.    *Factual Background Underlying Petitioner's Conviction*

    Petitioner pleaded guilty to the crimes charged in the information without a plea agreement. *See* Plea Tr., at 4-5.  The trial court placed petitioner under oath and examined him regarding the plea.  *See id*. at 5.  The court explained to petitioner the charges to which he was pleading guilty and the maximum sentences on each of those charges.  Petitioner indicated that he understood the charges and the potential penalties.  *See id*. at 6-9.  The court then informed petitioner of the rights he was giving up by pleading guilty, and petitioner indicated that he understood those rights and that

4

he was waiving them by pleading guilty. *See id*. at 9-11. Petitioner indicated that his plea was being made freely, understandingly, and voluntarily, and denied that any promises or threats had been made to induce his plea. *See id*. at 11. Petitioner also indicated that he understood that by pleading guilty he was giving up any claim that his pleas were the result of any promises or threats that were not disclosed to the court. *See id*. at 12. The court then questioned petitioner to establish a factual basis for the pleas and for his status as an habitual offender. *See id*. at 13-16. The court reiterated that "it's not agreed in this case upon any plea or possible sentence with the prosecutor, defendant, defense counsel or anyone acting in the interest of any parties," and the prosecutor and defense counsel agreed. *Id*. at 17. The court then accepted petitioner's pleas.

At sentencing, defense counsel requested that the court grant petitioner a downward departure based on his cooperation with the police which resulted in the arrest of another individual. *See* Sentence Tr., at 5. The prosecuting attorney informed the court that it was not considering a reduction in the charges, because petitioner also received credit for his cooperation through the prosecutor's decision not to charge him for possessing marijuana found in his residence. *See id*. at 6. The court denied the request for a downward departure, *see id*., and relying primarily on petitioner's criminal history sentenced him to two concurrent terms of 10-20 years' imprisonment, a concurrent term of 2-4 years' imprisonment (later amended to a term of 2-15 years' imprisonment), and a concurrent term of 5-20 years' imprisonment.

C.    *Procedural Default*

    1.    *Default*

Respondent first contends that petitioner's first three claims are barred by petitioner's procedural default in the state courts, because petitioner failed to raise these claims on direct appeal.

The Court should agree.  Under the procedural default doctrine, a federal habeas court will not review a question of federal law if the state court's decision rests on a substantive or procedural state law ground that is independent of the federal question and is adequate to support the judgment.  *See Coleman v. Thompson*, 501 U.S. 722, 729 (1991).  However, "a procedural default does not bar consideration of a federal claim on either direct or habeas review unless the last state court rendering a judgment in the case 'clearly and expressly' states that its judgment rests on the procedural bar." *Harris*, 489 U.S. at 263.  Furthermore, "only a 'firmly established and regularly followed state practice' may be interposed by a State to prevent subsequent review . . . of a federal constitutional claim." *Ford v. Georgia*, 498 U.S. 411, 423-24 (1991) (quoting *James v. Kentucky*, 466 U.S. 341, 348-51 (1984)); *see also*, *Calderon v. United States Dist. Ct. for the E. Dist. of Cal.*, 96 F.3d 1126, 1129 (9th Cir. 1996) (internal quotation omitted) ("For the procedural default doctrine to apply, a state rule must be clear, consistently applied, and well-established at the time of the petitioner's purported default.").

Here, petitioner first presented his purportedly defaulted habeas claims in his motion for relief from judgment.  Michigan Court Rule 6.508, governing motions for relief from judgment, provides that the movant "bears the burden of establishing entitlement to relief."  MICH. CT. R. 6.508(D).  The rule goes on to provide, in three separately numbered paragraphs, procedural situations in which relief will not be granted: (1) where an appeal relating to the conviction is pending; (2) where the claim has already been ruled upon in a prior appeal or postconviction motion; and (3) where the claim could have been raised in a prior appeal or postconviction motion but was not.  *See* MICH. CT. R. 6.508(D)(1)-(3).

The Michigan Court of Appeals and the Michigan Supreme Court both rejected petitioner's

appeal based on his "failure to meet the burden of establishing entitlement to relief under MCR 6.508(D)." In *Simpson v. Jones*, 238 F.3d 399 (6th Cir. 2000), the court held that this identical language constitutes an invocation of the procedural aspects of Rule 6.508(D), and thus bars federal habeas review. *See Simpson v. Jones*, 238 F.3d 399, 408 (6th Cir. 2000). However the en banc Sixth Circuit has recently rejected this rule, holding that the form orders used by the Michigan courts constitute unexplained orders which are ambiguous as to whether a procedural bar is being invoked, and thus a federal habeas court must "look through" these orders to the last reasoned state court judgment to determine if the claims are barred. *See Guilmette v. Howes*, 624 F.3d 286, 291-92 (6th Cir. 2010) (en banc). Looking through the appellate court orders, it is clear that the trial court denied relief on the basis of the procedural bar in Rule 6.508(D)(3). The trial court explained that Rule 6.508(D)(3) prohibits relief on a claim which could have been raised on direct appeal but was not, and further set forth the good cause and actual prejudice standard permitting review of such a claim. *See People v. Andrews*, No. 06-209171-FH, at 2-3 (Oakland County, Mich., Cir. Ct. Dec. 4, 2008). Although the trial court did discuss the underlying merits of petitioner's claims, the trial court concluded that with respect to the claims petitioner "satisfied neither the good cause nor the actual prejudice prong of the two-part standard of MCR 6.508(D)(3). Consequently, this Court cannot grant the relief requested." *Id*. at 7. Thus the trial court, the last state court to issue a reasoned decision on the matter, clearly invoked the procedural bar of Rule 6.508(D)(3) in denying petitioner's claims. Accordingly, federal habeas review of petitioner's first three claims is barred unless petitioner can meet one of the two exceptions to the procedural default doctrine.

   2.     *Cause and Prejudice*

   The first exception to the procedural default rule is the cause and prejudice exception. Under

this exception, review of an otherwise barred claim is allowed if petitioner is able to demonstrate cause for, and prejudice attributable to, his default. *See Coleman*, 501 U.S. at 750; *Maples v. Stegall*, 340 F.3d 433, 438 (6th Cir. 2003). To establish "cause," petitioner must "show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." *Murray v. Carrier*, 477 U.S. 478, 488 (1986); *see also*, *Coleman*, 501 U.S. at 753. Here, petitioner has not identified, and the state court records do not reveal, any objective factor external to the defense which prevented petitioner or his counsel from raising his first three claims on direct appeal.

The only arguable basis for cause–which petitioner does not in fact argue–would be appellate counsel's failure to raise these claims on direct appeal. But while constitutionally ineffective assistance of counsel may constitute cause to excuse a procedural default, *see Edwards v. Carpenter*, 529 U.S. 446, 451 (2000); *Murray*, 477 U.S. at 488, appellate counsel's failure to raise petitioner's habeas claims on direct appeal cannot constitute cause here, because petitioner has not exhausted any ineffective assistance of appellate counsel claim. As the Supreme Court has observed, "in certain circumstances counsel's ineffectiveness in failing properly to preserve the claim for review in state court will suffice" to establish cause. *Edwards*, 529 U.S. at 451 (citing *Murray*, 477 U.S. at 488-89). In order to constitute cause, however, counsel's performance must amount to ineffective assistance of counsel under the Sixth Amendment. *See id.* "In other words, ineffective assistance adequate to establish cause for the procedural default of some *other* constitutional claim is *itself* an independent constitutional claim." *Id.* For this reason, the ineffective assistance claim which is asserted as cause must itself be both exhausted, *see id.* at 451-52 (discussing *Murray*, 477 U.S. at 489), and not procedurally defaulted, *see id.* at 452-53.

Here, petitioner has never presented, in any fashion, a claim that his appellate counsel was ineffective for failing to raise these claims on direct appeal. Petitioner's motion for relief from judgment in the trial court did not so much as mention any ineffectiveness by appellate counsel, nor did his appellate briefs in the Michigan Court of Appeals and Michigan Supreme Court. An ineffective assistance of appellate counsel claim, therefore, has not been exhausted, and cannot be used as a basis to establish cause to overcome his procedural default. *See Lott v. Coyle*, 261 F.3d 594, 608-09 (6th Cir. 2001).

Because petitioner must establish both cause and prejudice, his failure to establish cause makes it unnecessary to consider the prejudice issue. *See Hargrave-Thomas v. Yukins*, 374 F.3d 383, 389 (6th Cir. 2004); *Bonilla v. Hurley*, 370 F.3d 494, 497 (6th Cir. 2004). Nevertheless, as noted below even if petitioner could establish cause, he cannot establish prejudice because his claims are without merit. *See Nunn v. Yukins*, No. 98-2309, 2000 WL 145378, at *1 (6th Cir. Feb. 4, 2000) (no prejudice where defaulted claims were meritless); *Jacobs v. Scott*, 31 F.3d 1319, 1328 (5th Cir. 1994) (same); *Alvarez v. Straub*, 64 F. Supp. 2d 686, 696 (E.D. Mich. 1999) (Rosen, J., adopting Report & Recommendation of Komives, M.J.) (same).

Nor can petitioner establish prejudice, because his claims are without merit. In his first claim, petitioner contends that the prosecutor failed to live up to her bargain with petitioner. Specifically, petitioner contends that it was agreed that if petitioner helped the police in other drug buys, the prosecutor would drop an equivalent charge for each sting in which petitioner participated. However, at the plea hearing it was made clear that there was no plea agreement. *See* Plea Tr., at 5. Petitioner denied that any promises had been made to induce his pleas, or that there had been any influence, compulsion, or threats. *See id*. at 11. Petitioner also indicated that he understood that

9

once his plea was accepted, he was giving up any claim that his plea was the result of promises or threats that were not disclosed to the Court.  *See id.* at 12.  These statements "carry a strong presumption of verity."  *Blackledge v. Allison*, 431 U.S. 63, 74 (1977).  As a number of Judges of this Court have observed:

> When a petitioner brings a federal habeas petition challenging his plea of guilty (or no contest), the state generally satisfies its burden by producing a transcript of the state court proceedings showing that the plea was made voluntarily. The factual findings of a state court that the guilty plea was properly made are generally accorded a presumption of correctness. Petitioner must overcome a heavy burden if the federal court is to overturn these findings by the state court. . . . Additionally, a habeas petitioner bears a heavy burden of rebutting the presumption that his or her guilty plea, as evidenced by the plea colloquy, is valid.

*Shanks v. Wolfenbarger*, 387 F. Supp. 2d 740, 749 (E.D. Mich. 2005) (Gadola, J.) (citations omitted); *accord Thirkield v. Pitcher*, 199 F. Supp. 2d 637, 651-52 (E.D. Mich. 2002) (Friedman, J.); *Hastings v. Yukins*, 194 F. Supp. 2d 659, 669 (E.D. Mich. 2002) (Cleland, J.); *Holtgreive v. Curtis*, 174 F. Supp. 2d 572, 586 (E.D. Mich. 2001) (Hood, J.); *Myers v. Straub*, 159 F. Supp. 2d 621, 626 (E.D. Mich.2001) (Steeh, J.).  In short where, as here, "the court has scrupulously followed the required procedure, the defendant is bound by his statements in response to that court's inquiry." *Ramos v. Rogers*, 170 F.3d 560, 566 (6th Cir. 1999) (internal quotation omitted).  Thus, petitioner is bound by his statements at the plea hearing that there was no deal made in exchange for his plea.

Nor can petitioner show that even if there was a cooperation agreement, his subsequent plea is invalid.  In *Santobello v. New York*, 404 U.S. 257 (1971), the Supreme Court held that "when a plea rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be part of the inducement or consideration, such promise must be fulfilled."  *Id.* at 262.  The Court has subsequently clarified this language, holding that *Santobello* does not apply to every rescinded government promise.  Rather, it applies only to those promises that induce a defendant to plead

10

guilty. *See Mabry v. Johnson*, 467 U.S. 504, 507-08, 510 (1984).  As the Seventh Circuit has explained, "[t]he *Santobello* Court did not hold that the government must fulfill every agreement or offer it makes. Rather, as we have consistently recognized, the Court was concerned with enforcing governmental promises that had induced the defendant to plead guilty." *United States v. Traynoff*, 53 F.3d 168, 170-71 (7th Cir. 1995).

Here, even if the promise identified by petitioner was in fact made and induced him to cooperate with the police, petitioner cannot contend that the alleged promise induced him to plead guilty.  Petitioner's cooperation had apparently already occurred by the time of the plea.  Despite this cooperation and his contention that the cooperation entitled him to dismissal of the two charges of delivering 50-449 grams of cocaine, petitioner knowingly and voluntarily pleaded guilty to those charges.  Thus, the alleged cooperation agreement could have in no way induced him to plead guilty to the charges.  "[U]nlike Santobello, who pleaded guilty thinking he had bargained for a specific prosecutorial sentencing recommendation which was not ultimately made, at the time petitioner pleaded guilty he knew the prosecution would [not dismiss the two 50-449 gram charges]. . . . [Thus, his] plea was thus in no sense the product of governmental deception; it rested on no 'unfulfilled promise' and fully satisfied the test for voluntariness and intelligence." *Mabry*, 467 U.S. at 510. Nor did the cooperation agreement induce him to give up any other constitutional rights he may have had.  *Cf. Traynoff*, 53 F.3d at 171 (assuming that a court "must also hold the government to its agreements that reasonably cause criminal defendants to take other damaging actions."); *United States v. Streebing*, 987 F.2d 368, 373 (6th Cir. 1993) (breach of agent's cooperation agreement which promised dismissal of charges did not warrant relief where defendant did not detrimentally rely on the promise).  And petitioner does not dispute that he received a benefit for his cooperation,

namely, the dismissal of a possession charge based on drugs found in his home.  And for the same

reasons, petitioner's related ineffective assistance of counsel claim is without merit.  Because these

claims are without merit, petitioner is not prejudiced by application of the procedural bar to these

claims.

Nor is petitioner prejudiced by application of the procedural bar to his entrapment claim,

because this claim is not cognizable on habeas review.  As another judge of this Court has explained:

> Entrapment is not a constitutional defense. *See Hampton v. United States*, 425 U.S. 484, 488-91 (1976) (plurality opinion); *United States v. Russell*, 411 U.S. 423, 430 (1973); *United States v. Tucker*, 28 F.3d 1420, 1426-28 (6th Cir.1994), *cert. denied*, 514 U.S. 1049 (1995). In *Russell*, the United State Supreme Court addressed the question of whether an undercover narcotics agent's contribution of an essential ingredient to the defendants for use in illegal drug manufacturing violated due process. In concluding that no due process violation occurred, the Court declined to constitutionalize the entrapment defense. 411 U.S. at 430-33. In dicta, the Court noted that it "may some day be presented with a situation in which the conduct of law enforcement agents is so outrageous that due process principles would absolutely bar the government from invoking judicial processes to obtain a conviction." *Id.* at 431-32, 93 S.Ct. 1637. Subsequently, in *Hampton*, the Court again addressed the due process issue and found that no due process violation occurred where government agents, an informant, and the defendant acted in concert and the defendant conceded a predisposition to commit the crime. 425 U.S. at 489-90. The Court left open the issue of whether a "due process" defense based upon law enforcement actions, rather than the defendant's predisposition, could be established under other factual circumstances.
>
> More recently, in *Tucker*, the United States Court of Appeals for the Sixth Circuit refused to recognize a "due process" defense based upon a federal informant's conduct during a "reverse sting" operation which was intended to catch people who had been illegally trafficking in food stamps. The defendants in that case moved to dismiss their indictments based upon the informant's alleged "outrageous" conduct, claiming a violation of their due process rights. The Sixth Circuit undertook an extensive analysis of federal case law and rejected the defendants' due process argument, concluding that the defense involved "nothing more than a claim of entrapment." 28 F.3d at 1421. *Tucker* thus precludes this Court from considering Petitioner's due process/entrapment claim on federal habeas review.

*Seeger v. Straub*, 29 F. Supp. 2d 385, 390-91 (E.D. Mich. 1998) (Tarnow, J.); *see also*, *Sosa v.*

*Jones*, 389 F.3d 644, 648-49 (6th Cir. 2004); *Vega v. Suthers*, 195 F.3d 573, 583-84 & nn. 14-15

(10th Cir. 1999); *Morgan v. Robinson*, 156 F. Supp. 2d 1133, 1146 (C.D. Cal. 2001). Accordingly, petitioner is not prejudiced by application of the procedural bar to this claim.

       3.    *Fundamental Miscarriage of Justice*

      Under a second exception, known as the "fundamental miscarriage of justice" exception, petitioner can still have his procedurally barred claims reviewed if he can show that the constitutional errors he alleges "'ha[ve] probably resulted in the conviction of one who is actually innocent.'" *Bousley v. United States*, 523 U.S. 614, 623 (1998) (quoting *Murray*, 477 U.S. at 496); *accord Kuhlmann v. Wilson*, 477 U.S. 436, 454 (1986). "[T]o establish actual innocence, petitioner must demonstrate that, 'in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him.'" *Bousley*, 523 U.S. at 623 (quoting *Schlup v. Delo*, 513 U.S. 298, 327-28 (1995) (internal quotation omitted)); *accord Kuhlmann*, 477 U.S. at 455 n. 17 (citation omitted).

      Here, petitioner does not present any new reliable evidence that he is factually innocent of the charges against him. *See Schlup v. Delo*, 513 U.S. 298, 316 (1995) ("Without any new evidence of innocence, even the existence of a concededly meritorious constitutional violation is not itself sufficient to establish a miscarriage of justice that would allow a habeas court to reach the merits of a barred claim."). Petitioner does contend that he was entrapped into committing the crimes, but this argument does not support a finding of actual innocence. "'[A]ctual innocence' means factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623 (1998). Thus, to establish the actual innocence exception "petitioner must show that, as a factual matter, he did not commit the crime for which he was convicted." *Finley v. Johnson*, 243 F.3d 215, 220 (5th Cir. 2001). Petitioner does not claim that he did not participate in the crime; rather, he contends only that he was entrapped into participating. Entrapment, however, establishes only legal innocence, not

factual innocence, and thus cannot establish actual innocence sufficient to overcome the procedural

bar to petitioner's application.  *See Dionne v. Foster*, No. CV99-0150-N, 2007 WL 881849, at *2

(D. Idaho Mar. 21, 2007); *United States ex rel. Juarez v. Gilmore*, No. 95 C 4297, 1997 WL 567820,

at *5 n.3 (N.D. Ill. Sept. 5, 1997); *Diaz v. United States*, 924 F. Supp. 898, 902-03 (C.D. Ill. 1996).

*See generally*, *Eaglin v. Welborn*, 57 F.3d 496, 501 (7th Cir. 1995) ("[E]ntrapment is an excuse for,

not a denial of, crime.  A defendant prevented from asserting the defense in violation of state law

cannot complain that the violation created a peril of convicting an innocent person.").

   4. *Conclusion Regarding Procedural Default*

  In view of the foregoing, the Court should conclude that petitioner's first three claims are

barred by petitioner's procedural default in the state courts, and that neither the cause and prejudice

nor the fundamental miscarriage of justice exception is applicable.  Accordingly, the Court should

deny the petition with respect to these claims.

D. *Standard of Review*

  Because petitioner's application was filed after April 24, 1996, his petition is governed by

the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. No.

104-132, 110 Stat. 1214 (Apr. 24, 1996).  *See Lindh v. Murphy*, 521 U.S. 320, 326-27 (1997).

Amongst other amendments, the AEDPA amended the substantive standards for granting habeas

relief by providing:

> (d) An application for a writ of habeas corpus on behalf of a person in
> custody pursuant to the judgment of a State court shall not be granted with respect
> to any claim that was adjudicated on the merits in State court proceedings unless the
> adjudication of the claim--
>  (1) resulted in a decision that was contrary to, or involved an unreasonable
> application of, clearly established Federal law, as determined by the Supreme Court
> of the United States; or
>  (2) resulted in a decision that was based on an unreasonable determination

of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

"[T]he 'contrary to' and 'unreasonable application' clauses [have] independent meaning." *Williams v. Taylor*, 529 U.S. 362, 405 (2000); *see also*, *Bell v. Cone*, 535 U.S. 685, 694 (2002). "A state court's decision is 'contrary to' . . . clearly established law if it 'applies a rule that contradicts the governing law set forth in [Supreme Court cases]' or if it 'confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [this] precedent.'" *Mitchell v. Esparza*, 540 U.S. 12, 15-16 (2003) (per curiam) (quoting *Williams*, 529 U.S. at 405-06); *see also*, *Early v. Packer*, 537 U.S. 3, 8 (2002); *Bell*, 535 U.S. at 694. "[T]he 'unreasonable application' prong of § 2254(d)(1) permits a federal habeas court to 'grant the writ if the state court identifies the correct governing legal principle from [the Supreme] Court but unreasonably applies that principle to the facts' of petitioner's case." *Wiggins v. Smith*, 539 U.S. 510, 520 (2003) (quoting *Williams*, 529 U.S. at 413); *see also*, *Bell*, 535 U.S. at 694. However, "[i]n order for a federal court to find a state court's application of [Supreme Court] precedent 'unreasonable,' the state court's decision must have been more than incorrect or erroneous. The state court's application must have been 'objectively unreasonable.'" *Wiggins*, 539 U.S. at 520-21 (citations omitted); *see also*, *Williams*, 529 U.S. at 409.

By its terms, § 2254(d)(1) limits a federal habeas court's review to a determination of whether the state court's decision comports with "clearly established federal law as determined by the Supreme Court." Thus, "§ 2254(d)(1) restricts the source of clearly established law to [the Supreme] Court's jurisprudence." *Williams*, 529 U.S. at 412. Further, the "phrase 'refers to the holdings, as opposed to the dicta, of [the] Court's decisions as of the time of the relevant state-court

decision.'  In other words, 'clearly established Federal law' under § 2254(d)(1) is the governing legal principle or principles set forth by the Supreme Court at the time the state court renders its decision." *Lockyer v. Andrade*, 538 U.S. 63, 71-72 (2003) (citations omitted) (quoting *Williams*, 529 U.S. at 412).

Although "clearly established Federal law as determined by the Supreme Court" is the benchmark for habeas review of a state court decision, the standard set forth in § 2254(d) "does not require citation of [Supreme Court] cases–indeed, it does not even require *awareness* of [Supreme Court] cases, so long as neither the reasoning nor the result of the state-court decision contradicts them." *Early*, 537 U.S. at 8; *see also*, *Mitchell*, 540 U.S. at 16.  Further, although the requirements of "clearly established law" are to be determined solely by the holdings of the Supreme Court, the decisions of lower federal courts are useful in assessing the reasonableness of the state court's resolution of an issue.  *See Williams v. Bowersox*, 340 F.3d 667, 671 (8th Cir. 2003); *Phoenix v. Matesanz*, 233 F.3d 77, 83 n.3 (1st Cir. 2000); *Dickens v. Jones*, 203 F. Supp.2d 354, 359 (E.D. Mich. 2002) (Tarnow, J.).

E.     *Petitioner's Non-Defaulted Sentencing Claims (Claims IV and V)*

Petitioner's two non-defaulted claims both address his sentencing.  In Claim IV, petitioner contends that he was improperly denied his right to allocute at sentencing.  In Claim V, he contends that his sentence was based on inaccurate information.  The Court should conclude that petitioner is not entitled to habeas relief on these claims.

1.     *Allocution (Claim IV)*

Petitioner first claims that he was denied his right to allocution at sentencing.  Petitioner is not entitled to relief on this claim because, as the Sixth Circuit has recognized, "'[t]here is no

16

constitutional right to allocution under the United States Constitution.'" *Cooey v. Coyle*, 289 F.3d 882, 912 (6th Cir. 2002) (quoting *Paquarille v. United States*, 130 F.3d 1220, 1223 (6th Cir. 1997) (citing *Hill v. United States*, 368 U.S. 424, 428 (1962)) (alteration in original).  Thus, a claim that a petitioner was not afforded an opportunity to speak up at his sentencing hearing does not provide a basis for habeas corpus relief.  *See Hill*, 368 U.S. at 428; *White v. Kapture*, No. 00-73974, 2001 WL 902500, at *4 (E.D. Mich. June 26, 2001) (O'Meara, J.).  Accordingly, the Court should conclude that petitioner is not entitled to habeas relief on this claim.

2.      *Inaccurate Information (Claim V)*

Petitioner next claims that his sentence was based on inaccurate information.  Specifically, he contends that the presentence report contained inaccuracies regarding his mental health and education history, and more importantly relied on three convictions obtained without the assistance of counsel.  The Court should conclude that petitioner is not entitled to habeas relief on this claim.

In *Townsend v. Burke*, 334 U.S. 736 (1948), the Supreme Court held that it violates a criminal defendant's right to due process to sentence the defendant "on the basis of assumptions concerning his criminal record which were materially untrue."  *Id.* at 741.  In *Gideon v. Wainwright*, 372 U.S. 335 (1963), the Court held that the Sixth Amendment right to counsel makes it "unconstitutional to try a person for a felony in a state court unless he had a lawyer or had validly waived one."  *Burgett v. Texas*, 389 U.S. 109, 114 (1967).  In *Burgett* the Court extended its holding in *Gideon*, concluding that a conviction obtained in violation of *Gideon* cannot be used to either support guilt or enhance punishment for another, subsequent offense.  *See Burgett*, 389 U.S. at 115. Extrapolating from both *Townsend* and *Gideon/Burgett*, the Court held in *United States v. Tucker*, 404 U.S. 443 (1972), that a sentencing court's reliance on convictions which are "wholly

17

unconstitutional under *Gideon*" results in a "sentence founded at least in part upon misinformation of a constitutional magnitude" of the type prohibited by *Townsend*. *Tucker*, 404 U.S. at 447. Thus, "[w]hen an otherwise qualified § 2254 petitioner can demonstrate that his current sentence was enhanced on the basis of a prior conviction that was obtained where there was a failure to appoint counsel in violation of the Sixth Amendment, the current sentence cannot stand and habeas relief is appropriate." *Lackawanna County Dist. Attorney v. Coss*, 532 U.S. 394, 404 (2001).

The trial court rejected petitioner's claim, concluding that with respect to each of the three prior convictions "[t]he official court record reflects that the defendant waived counsel." Mot. Hr'g Tr., at 12. The state court records submitted by petitioner support this conclusion. *See* Amended Pet., Ex. 3 (juvenile court records). It is petitioner's burden to show both that he was without counsel at the time of his pleas in those cases, and that the presence of counsel was not validly waived. *See Hobson v. Robinson*, 27 Fed. Appx. 443, 445 (6th Cir. 2001) (citing *Parke v. Raley*, 506 U.S. 20, 28-34 (1992)). A petitioner's "conclusory allegation is not a basis for granting an evidentiary hearing" or habeas relief. *Brown v. Tyszkiewicz*, No. 99-CV-73027, 2000 WL 1480892, at *8 (E.D. Mich. Aug. 31, 2000) (Borman, J.); *see also*, *Hobson*, 27 Fed. Appx. at 445; *United States v. Joost*, 92 F.3d 7, 14 (1st Cir. 1996). Here, petitioner offers nothing to show that any of his convictions was taken in the absence of a valid waiver of the right to counsel, beyond his own conclusory allegation.

Further, although these convictions may have affected petitioner's sentencing guidelines, they did not expose him to an increased sentencing range. At sentencing, petitioner admitted to the three prior felony convictions which exposed him to an increased sentence as an habitual offender: a 2000 conviction for delivery of a controlled substance, a 1999 conviction for retail fraud, and a

18

1998 weapons conviction. *See* Sentence Tr., at 4-5. Petitioner does not contend that any of these convictions was obtained in violation of his right to counsel. Importantly, the Supreme Court has never held that previous uncounseled misdemeanor convictions can never be used in determining an appropriate sentence. In *Baldasar v. Illinois*, 446 U.S. 222 (1980) (per curiam), the Court held only that a previous uncounseled misdemeanor conviction may not "be used under an enhanced penalty statute to convert a subsequent misdemeanor into a felony with a prison term." *Id*. at 222 (per curiam); *see also*, *id*. at 224 (Stewart, J., joined by Brennan and Stevens, JJ., concurring) (use of previous uncounseled conviction improper where defendant is "sentenced to an increased term of imprisonment *only* because" of that conviction) (emphasis in original); *id*. at 228 (Marshall, J., joined by Brennan and Stevens, JJ., concurring) (uncounseled misdemeanor conviction "remains invalid for purposes of increasing a term of imprisonment for a subsequent conviction under a repeat-offender statute."). As a number of courts have explained, "the holding of *Baldasar* is limited to prohibiting the elevation of a misdemeanor to a felony by reason of an uncounseled conviction [.]" *United States v. Falesbork*, 5 F.3d 715, 718 (4th Cir. 1993); *see also*, *United States v. Burroughs*, 5 F.3d 192, 194 (6th Cir. 1993). As the Eighth Circuit has aptly explained:

> We believe that *Baldasar* prevents a constitutionally valid but uncounseled prior conviction from being used in a subsequent sentencing proceeding to imprison a defendant when he would not otherwise be confined. We further are of the view that *Baldasar* has no application in a case (as here) where the prior uncounseled conviction played no part in determining the defendant's guilt of the subsequent offense, and where (as here) a sentence to imprisonment is already required to be imposed for the subsequent offense without regard to the prior conviction, and where (as here) the court is faced only with determining the length of the imprisonment already authorized by the statute for the subsequent offense. Stated another way, under *Baldasar*, one cannot be sent to jail because of a prior uncounseled misdemeanor conviction, either upon the initial conviction or because of the conviction's later use in a subsequent sentencing, but if the subsequent sentence to imprisonment is already required as a consequence of the subsequent crime, the prior conviction may be used as a factor to determine its length.

*United States v. Thomas*, 20 F.3d 817, 823 (8th Cir. 1994) (en banc).  Here, petitioner's increased sentence as an habitual offender was based on his three prior felony convictions, the validity of which petitioner does not challenge.  Petitioner's prior misdemeanors, to the extent they were relied on by the trial court at all, were used only to determine an appropriate sentence within the already applicable range.  Thus, even if they were uncounseled, petitioner is not entitled to habeas relief.

Nor is petitioner entitled to relief with respect to his other claims of inaccurate information.  Petitioner contends that the presentence report indicates an education level of "Twelfth Grade," while he in fact had completed two college classes.  He also contends that the presentence report was inaccurate because, in the section for "psychiatric history" the report stated "yes."  However, this information was neither incorrect nor a basis for petitioner's sentence.  With respect to petitioner's education level, as the trial court observed "[i]n sentencing [petitioner], the Court noted that [he] is a high school graduate.  This is an accurate statement."  Mot. Hr'g Tr., dated 5/2/07, at 13.  Further, the court concluded that the omission of the information concerning petitioner's college classes in the presentence report "had no determinative effect on [his] sentence."  *Id*.  With respect to the psychiatric history information, as the trial court explained the presentence report did not state that petitioner was mentally ill, only that he claimed to be depressed and was seeking treatment, and petitioner did "not dispute that he is receiving an antidepressent or that he is receiving treatment." *Id*.

A review of the sentencing transcript confirms the trial court's conclusion.  It is well established that a *Tucker* violation arises only where the improper information  "actually served as the basis for the sentence."  *United States v. Jones*, 40 Fed. Appx. 15, 17 (6th Cir. 2002) (internal

20

quotation omitted); *see also*, *Lechner v. Frank*, 341 F.3d 635, 639 (7th Cir. 2003); *United States v. Johnson*, 767 F.2d 1259, 1276 (8th Cir. 1985). "A sentencing court demonstrates reliance on misinformation when the court gives 'explicit attention' to it, 'found[s]' its sentence 'at least in part' on it, or gives 'specific consideration' to the information before imposing sentence." *Lechner*, 341 F.3d at 639 (quoting *Tucker*, 404 U.S. at 444, 447). Thus, to be entitled to habeas relief on this claim petitioner "must show that the sentencing court actually relied on this information and that it was materially false." *Hanks v. Jackson*, 123 F. Supp. 2d 1061, 1074 (E.D. Mich. 2000) (Gadola, J.). Here, the sentencing court gave no consideration to petitioner's educational or mental health history in imposing sentence. *See* Sentence Tr. Because petitioner has not shown that any materially false information was relied upon by the trial court in imposing sentence, he is not entitled to habeas relief on this claim.

F.    *Recommendation Regarding Certificate of Appealability*

1.    *Legal Standard*

As amended by the Antiterrorism and Effective Death Penalty Act, section 2253 provides that a petitioner may not appeal a denial of an application for a writ of habeas corpus unless a judge issues a certificate of appealability. *See* 28 U.S.C. § 2253(c)(1). The statute further provides that "[a] certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). As the Sixth Circuit has noted, this language represents a codification of the Supreme Court's decision in *Barefoot v. Estelle*, 463 U.S. 880 (1983), and "[t]he AEDPA thus makes no change to the general showing required to obtain a certificate[.]" *Lyons v. Ohio Adult Parole Auth.*, 105 F.3d 1063, 1073 (6th Cir. 1997); *accord Slack v. McDaniel*, 529 U.S. 473, 483 (2000). Although the statute does not define what constitutes a

21

"substantial showing" of a denial of a constitutional right, the burden on the petitioner is obviously less than the burden for establishing entitlement to the writ; otherwise, a certificate could never issue.  Rather, the courts that have considered the issue have concluded that "'[a] substantial showing requires the applicant to "demonstrate that the issues are debatable among jurists of reason; that a court could resolve the issues (in a different manner); or that the questions are adequate to deserve encouragement to proceed further."'" *Hicks v. Johnson*, 186 F.3d 634, 636 (5th Cir. 1999) (quoting *Drinkard v. Johnson*, 97 F.3d 751, 755 (5th Cir. 1996) (quoting *Barefoot*, 463 U.S. at 893 n.4)); *accord Slack*, 529 U.S. at 483-84.  Where a petition is dismissed on a procedural basis, the inquiry under § 2253(c) is two-fold.  In such a case, a certificate of appealability "should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  *Slack*, 529 U.S. at 485 (emphasis added).  As the Court explained, "[w]here a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further.  In such a circumstance, no appeal would be warranted."  *Id*. at 486.  Although the substantive standard is the same, "[t]he new Act does, however, require that certificates of appealability, unlike the former certificates of probable cause, specify which issues are appealable." *Lyons*, 105 F.3d at 1073. (citing 28 U.S.C. § 2253(c)(3)).

Effective December 1, 2009, the newly created Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254, provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."

Rule 11(a), 28 U.S.C. foll. § 2254.  The rule tracks § 2253(c)(3)'s requirement that any grant of a certificate of appealability "state the specific issue or issues that satisfy the showing required by § 2253(c)(2)," Rule 11(a), but omits the requirement contained in the pre-amendment version of Federal Rule of Appellate Procedure 22(b)(1) that the court explain "why a certificate should not issue."  FED. R. APP. P. 22(b)(1) (version effective prior to 2009 amendment); *see id.*, advisory committee note, 2009 amendments.  In light of the new Rule 11 requirement that the Court either grant or deny the certificate of appealability at the time of its final adverse order, I include a recommendation regarding the certificate of appealability issue here.

      2.    *Analysis*

      If the Court accepts my recommendation regarding petitioner's habeas application, the Court should also conclude that petitioner is not entitled to a certificate of appealability, for the reasons explained above.  It is not reasonably debatable that petitioner's first three claims are barred by his procedural default in the state courts.  The trial court clearly and expressly relied on the firmly established procedural rule codified in MICH. CT. R. 6.508(D)(3) in denying these claims, and petitioner has failed to present any cause to excuse his default.  Nor, for the reasons explained above, can petitioner show that applying the procedural bar would result in a fundamental miscarriage of justice.  Further, for the reasons explained above in connection with the prejudice issue, with respect to each of the claims petitioner is unable to make a substantial showing of a denial of a constitutional right.  With respect to petitioner's non-defaulted claims, the resolution of those claims is not reasonably debatable because petitioner had no constitutional right to allocute at sentencing, and because he has failed to show that the trial court relied on any materially inaccurate information in imposing sentence.  Accordingly, the Court should deny petitioner a certificate of appealability.

G.    *Conclusion*

In view of the foregoing, the Court should conclude that petitioner's first three claims are barred by petitioner's procedural default in the state courts, and that the state courts' resolution of petitioner's remaining claims did not result in a decision which was contrary to, or which involved an unreasonable application of, clearly established federal law.  Accordingly, the Court should deny petitioner's application for the writ of habeas corpus.  If the Court accepts this recommendation, the Court should also deny petitioner a certificate of appealability.

III.    <u>NOTICE TO PARTIES REGARDING OBJECTIONS</u>:

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in FED. R. CIV. P. 72(b)(2).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation.  *See Willis v. Secretary of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991). *Smith v. Detroit Federation of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response.  The response shall be not more than five (5) pages in length unless by motion and order such page limit is extended by the Court.  The response shall address specifically, and in the same order raised, each issue contained within the objections.

24

s/Paul J. Komives
PAUL J. KOMIVES
UNITED STATES MAGISTRATE JUDGE

Dated: 4/14/11

The undersigned certifies that a copy of the foregoing
order was served on the attorneys of record and   by
electronic means or U.S. Mail on April 14, 2011.

s/Eddrey Butts
Case Manager