UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT ANDREWS,

        Petitioner,

v.

LLOYD RAPELJE ,

        Respondent.

_____/

Case No. 08-cv-11280

HONORABLE STEPHEN J. MURPHY, III

**ORDER OVERRULING OBJECTIONS** (docket no. 24)**,
ADOPTING THE MAGISTRATE JUDGE'S REPORT AND
RECOMMENDATION** (docket no. 23)**, AND DENYING
THE PETITION FOR HABEAS CORPUS** (docket no. 1)

Robert Andrews pled guilty to numerous drug-related offenses in Oakland County

Circuit Court on September 19, 2006. He subsequently challenged the voluntariness of his

plea, his sentencing, and the performance of his trial counsel in the Michigan state court

system. After he found that his claims were unavailing, he filed this petition for a writ of

habeas corpus, pursuant to 28 U.S.C. § 2254(a). The matter was referred for all pretrial

proceeding to a magistrate judge, who issued a Report and Recommendation ("Report")

urging the Court to deny Andrews' petition. Report, April 14, 2011, ECF No. 23. Andrews

filed timely objections to the Report. The Court will overrule the objections, adopt the

magistrate judge's Report, and dismiss Andrews' complaint. The Court will also deny a

certificate of appealability in this case.

**STANDARD OF REVIEW**

Review of decisions on dispositive motions made by a magistrate judge is governed

by Civil Rule 72(b). The district judge who referred the motion is required to perform de

novo review of the magistrate judge's findings if the parties "serve and file specific written

objections to the proposed findings and recommendations" in a timely manner.  Fed. R. Civ. P. 72(b)(2).  Andrews has filed eight specific and timely objections to the Report, and the Court will review de novo all of Andrews' assignments of error.

## ASSIGNMENTS OF ERROR

A.    Objection I – Procedural Default of Claims I-III

This Court stayed Andrews' initial habeas petition, which was filed on March 25, 2008, in order to permit him to exhaust post-conviction remedies in the Michigan state court system.  The Oakland County Circuit Court denied Andrews' motion on December 4, 2008, and both the Michigan Court of Appeals and the Michigan Supreme Court denied review under Mich. Ct. R. 6.508(D) in form orders.   In the Report, the magistrate judge recommends that the Court deny three of Andrews' five assertions of error on the grounds of procedural default.  Andrews objects that the plain-statement rule of *Harris v. Reed*, 489 U.S. 255 (1989), has not been satisfied in this case, rendering procedural default an in appropriate grounds for dismissing the case.

A claim has been procedurally defaulted if the petitioner fails to comply with a state procedural rule, enforced by the state courts, that is an independent and adequate state ground for denying review of a federal constitutional claim.  *Tolliver v. Sheets*, 594 F.3d 900, 928 n.11 (2010).  Failure to follow such a rule is only excused if the petitioner can show cause and prejudice excusing the default.  *Id.*  Moreover, the state court's reliance on the rule must be "plain."   *Harris*, 489 U.S. at 261 ("[I]f 'it fairly appears that the state court rested its decision primarily on federal law,' this Court may reach the federal question on review unless the state court's opinion contains a 'plain statement that [its] decision rests upon adequate and independent state grounds.'" (quoting *Michigan v. Long*, 463 U.S. 1032, 1042 (1983))).  The Court looks to the last reasoned decision of the state courts in order

to determine whether a particular disposition rests on procedural grounds. *Ylst v. Nunnemaker*, 501 U.S. 797, 803 (1991). The Sixth Circuit recently held that form orders from Michigan appellate courts relying on Rule 6.508(D) are not reasoned opinions. *Guilmette v. Howes*, 624 F.3d 286, 289 (6th Cir. 2010). Accordingly, the Court looks to the opinion of the Circuit Court in order to determine whether the claims presented in it are procedurally defaulted.

Generally, in post-conviction review in Michigan state courts, the criminal defendant "has the burden of establishing entitlement to the relief requested." Mich. Ct. R. 6.508(D). This general test is somewhat modified when the defendant presents "grounds for relief, other than jurisdictional defects, which could have been raised on appeal from the conviction and sentence or in a prior motion under this subchapter." *Id.* at 6.508(D)(3). The penalty in Michigan for failing to present a claim properly is not a refusal of review, but a much less favorable standard of review. If a claim could have been presented at a prior proceeding, the defendant may only obtain relief if there is "good cause" for the failure, and "actual prejudice from the alleged irregularity." *Id.* at 6.508(D)(3)(a) & (b). When a conviction is obtained by a guilty plea, "the defect in the proceedings [must be] such that it renders the plea an involuntary one to a degree that it would be manifestly unjust to allow the conviction to stand." *Id.* at 6.508(D)(3)(b)(ii).

The Circuit Court's order leans heavily on Rule 6.508(D)(3), and Andrews does not dispute that it applies to his case. Before addressing any of the substantive claims, the court used Rule 6.508(D)(3) to frame the proper standard of review for reviewing Andrews' petition. Circuit Court Order 2–3, Dec. 4, 2008, ECF No. 16-5. The opinion ends as follows:

> In conclusion, Defendant has satisfied neither the good cause nor the actual prejudice prong of the two-part standard of MCR 6.508(D)(3). Consequently, this Court cannot grant the relief requested.

3

Circuit Court Order at 7.  Andrews objects that because the opinion discussed some of the merits of his claims, it does not constitute a "clear statement" of reliance on a procedural bar, and the Court should not rest its decision on procedural default.

The Report correctly deemed the three claims subject to procedural default.  Andrews argues that the Circuit Court's discussion of the merits of some aspects of his claims means that a "plain statement" has not been made in this case.  But the opinion's concluding phrase unquestionably constitutes a denial of relief based on procedural grounds.  Contrary to what Andrews argues, there is no absolute rule waiving review when state courts look at the merits of a petitioner's claim in order to determine whether to excuse a procedural default.  *See McBee v. Abramajtys*, 929 F.2d 264, 267 (6th Cir. 1991) (concluding that the state does not waive procedural default when the state court relies on a procedural rule as an alternative grounds for decision); *Paprocki v. Foltz*, 869 F.2d 281, 285 (6th Cir. 1989) (holding that procedural default is not waived by the state when a state court attempts to "enforce the procedural bar while reserving the right to excuse it"); *cf. Girts v. Yanai*, 501 F.3d 743 (6th Cir. 2007) (finding plain error review of an issue not properly objected to at trial does not constitute waiver of procedural default by the state). Rule 6.508(D)(3)(b)(ii) mandates at least some review of the substance of a claim to ensure that a plea was not "an involuntary one to a degree that it would be manifestly unjust to allow the conviction to stand."  It was therefore not error for the magistrate judge to conclude that the circuit court rested its conclusion on an independent and adequate procedural bar.

B.    Objections II – V: Misunderstanding of Alleged Agreement Between Prosecutor and Andrews

4

Andrews objects to a number of the magistrate judge's findings in his discussion of whether or not Andrews would be prejudiced by failure to overlook his procedural default. He argues that the magistrate judge erroneously concluded (1) that even presuming an agreement existed between him and the prosecutor, the promises could not have induced him to plead guilty; (2) that Andrews received the benefit of whatever bargain he may have made by having a marijuana possession charge dropped by the state; (3) that entrapment defenses are not cognizable on federal habeas; and (4) that Andrews' ineffective assistance of counsel claim was precluded by the magistrate judge's findings on the underlying issues.

Even if these findings were error, the Court need not reach the issue because Andrews failed to object to a number of subsidiary findings the magistrate judge made that provide sufficient support for the ruling. First, "[b]oth 'cause' and 'prejudice' must be shown when a habeas petitioner seeks to excuse a procedural default," and Andrews did not challenge the magistrate judge's sound finding that there was no cause for Andrews' procedural default. *Hargrave-Thomas v. Yukins*, 374 F.3d 383, 389 (6th Cir. 2004). Second, Andrews never objected to the magistrate judge's primary basis for his ruling that there was no prejudice in this case: Andrews' statements at his plea hearing affirming that there was no deal made to exact his admissions.

The Court further notes that Andrews is mistaken about the constitutional dimensions of entrapment. Federal criminal defendants, such as the ones in *Sherman v. United States*, 356 U.S. 369 (1958), and *Jacobsen v. United States*, 503 U.S. 540 (1992), are entitled to an entrapment defense on the basis of the Supreme Court's interpretation of federal criminal law, and not as a constitutional matter. *Sherman*, 356 U.S. at 372 ("Congress could not have intended that its statutes were to be enforced by tempting innocent persons

5

into violations."). Since the defense lacks a mooring in due process (or, for that matter, any constitutional right), the Sixth Circuit has held it cannot be the linchpin of habeas relief. *Sosa v. Jones*, 389 F.3d 644, 648 (6th Cir. 2004) ("The discussion of entrapment [by the Supreme Court] clearly demonstrates that the defense . . . is not based on due process."). These objections are therefore overruled.

## C.   Objection VI:  Allocution

Andrews also contests the magistrate judge's conclusion that a denial of allocution is not a sufficient basis for granting habeas relief. While the Court does not disagree that allocution is an important, and ancient,[1] right, the protection is provided by the legislature, rather than the Constitution. *See, e.g.*, Fed. R. Crim. P. 32(i)(4)(A). The Court is bound by the Sixth Circuit's holding that "[t]here is no constitutional right to allocution." *Pasquarille v. United States*, 130 F.3d 1220, 1223 (6th Cir. 1997). Habeas cannot issue on this claim.

## D.   Objection VII:  Sentencing Based on Inaccurate Information

The final substantive objection Andrews makes is that the magistrate judge erred by finding his sentence was not rendered unconstitutional by the Circuit Court's consideration of several uncounseled misdemeanor convictions in his sentencing. The Court concurs in full with the magistrate judge's conclusion. Contrary to his contentions, the record *does* show that Andrews waived counsel during all of his juvenile adjudications. Ex. App'x 4–13, April 12, 2010, ECF No. 16-3 ("The juvenile has appeared in court in person with parent(s), guardian, custodian, guardian ad litem, and waived an attorney."). No evidence contradicting the juvenile court records is discussed in the objections. Moreover, Andrews

---

[1] *See Anonymous*, 3 Mod. 265, 87 Eng. Rep. 175 (K.B. 1689) (finding error "because after the confession the judgment followed, and it does not appear that the party was asked what he could say why sentence of death shall not pass upon him; for possibly he might have pleaded a pardon").

does not challenge the magistrate judge's finding that the uncounseled juvenile convictions were not used to calculate a sentencing range, but were only used to determine a sentence within a range defined by other factors.  The Court finds the Eighth Circuit's analysis of this issue, quoted at length in the Report, to be highly persuasive.  *United States v. Thomas*, 20 F.3d 817, 823 (8th Cir. 1994) (en banc).  This objection is also overruled.

E.    Objection VIII:  Certificate of Appealability

  Since the Court agrees with the magistrate judge that  there are no conclusions in the Report or this order that "reasonable jurists" would find "debatable," the Court finds that a certificate of appealability should not issue, and that Andrews' final objection should be overruled.  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

  **WHEREFORE**, it is hereby **ORDERED** that the Report of the magistrate judge (docket no. 23) is **ADOPTED**, and the petition for a writ of habeas corpus (docket no. 1) is **DENIED WITH PREJUDICE**.

  **IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED**.

  **SO ORDERED**.


    s/Stephen J. Murphy, III
    STEPHEN J. MURPHY, III
    United States District Judge

Dated: June 28, 2011

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on June 28, 2011, by electronic and/or ordinary mail.

    Carol Cohron
    Case Manager